## No. 2560.

## W. T. CONNOR v. BELLE HAWKINS.

1. TITLE BY LIMITATIONS—PERSONAL PROPERTY.—Under Revised Statutes, sections 2 and 3, article 3203, the right to recover personal property is barred by two years adverse possession. Such bar concludes the owner's right, and vests title in the holder of the property.

2. SAME.—After title had passed by such adverse possession the fact that the property came into the possession of the former owner without claim by him of ownership, would have no effect upon the right of the owner by right of the adverse possession:

3. STATUTES CONSTRUED.—The Revised Statutes, sections 2 and 3, article 3203, substantially re-enacts the law as it was before. (Pas. Dig., 4604.) The decisions upon the former statute of limitations upon the recovery of personal property apply to the re enactment in the Revised Statutes.

APPEAL from Morris. Tried below before the Hon. S. P. Pounders, Special District Judge.

The only question on this appeal is as to the title of appellee to a piano given her by her father in March, 1880. She became of age in September, 1880. The piano was levied on in August, 1883, under an execution based upon a judgment for an indebtedness from the father of plaintiff then insolvent.

The facts shown in the findings of the court upon the issue are as follows. They are supported by the testimony:

"E. R. Hawkins bought the piano in St. Louis in March, 1880, and shipped it to Dangerfield, consigned to himself. The piano arrived at Dangerfield about first of March or April,

1880, and was then and there delivered to claimant Belle Haw-kins as a present from her parents. The piano was carried to and put up in Belle Hawkins' room, in Dr. E. R. Hawkins' (her father's) house. In the same room were articles, to wit: Bed and bedstead, bureau, chairs, etc., which were the property of Dr. Hawkins. Belle Hawkins, from the time the piano arrived till the time it was levied upon by the sheriff, openly claimed said piano as hers, and used and controled the same. The im-mediate neighbors and acquaintances of the said Belle Haw-kins knew of her claim to the said piano and regarded it as hers. At the time it was levied upon in favor of Connor it was on board the cars, together with the household goods of Dr. Hawkins. The car was consigned to Dr. Hawkins, Green ville, Texas, but the piano was boxed and marked to Miss Belle Hawkins. She was twenty-one years old in September after the piano was given her in March. She had lived with her parents up to the time the piano was given her and con-tinued to live with them. The piano was given and delivered to her the latter part of March or of April, 1880, and was levied on the twenty-second day of August, 1883. It was worth one hundred and sixty dollars or one hundred and seventy dollars. The claimant (Belle Hawkins) had held actual exclusive ad-verse possession of said piano under an open claim of owner-ship for more than two years before the levy in this case. I therefore conclude that the claimant's title to said piano is perfect by limitation."

*Geo. T. Todd, J. M. Moore* and *J. I. Sheppard*, for appellant cited: Revised Statutes, 3207; Reynolds v. Hansford, 16 Texas, 292.

WALKER, ASSOCIATE JUSTICE. This is the third appeal in this case to this court. (64 Texas, 545; 66 Texas, 639.)

It is contended that to make out a defense under the statute of limitations in this case to bar the recovery of personal property, article 3207 Revised Statutes should be complied with. It provides: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward."

Sections 2 and 3, article 3203, Revised Statutes, do not differ from the law as it was before and of which it is a re-enact-

ment.  The original act reads: "All actions for detaining the personal property and for converting such personal property to one's own use: all actions for taking away the goods and chattels of another  *  *  shall be commenced and sued within two years next after the cause of such action or suit, and not after." (Paschal's Digest, 4604.)

The effect of this statute has been passed upon.  In Winburn v. Cochran, 9 Texas, 125, it is declared that "the statute, when the bar becomes complete, not only bars the remedy, but vests the right," in the property.  See also 6 Texas, 372, Thomas v. Greer; 10 Texas, 246, Tinnan v. Mebane; 11 Texas, 620, Turner v. Smith.  These provisions apply as well to the present statute, and in effect forbid the application of the facts of this case to the statute of four years (article 3207) as insisted by appellant.  It is sufficient to say that the findings of the trial judge for the appellee upon the two years statute of limitations were sustained by the testimony.  Her possession was adverse, public and continuous from her majority in September, 1880, until the day of the levy upon the piano, August 22, 1883.  Even if the piano was shipped with her father's goods on the family moving to another place of residence, such change of possession, if it was a change in fact, would not thereby affect her right of ownership acquired by limitation.  The publicity of her possession is in no way disproved by the testimony of the two witnesses who testified to knowing nothing of it.

It is not deemed necessary to refer to other matters complained of, as they can not alter the result.  The judgment is affirmed.

*Affirmed.*

Opinion delivered October 26, 1888.