### CITY OF PARIS V. GEORGE CABINESS.

Decided December 22, 1906.

**1.—City Policeman—Suit for Salary—Limitation.**

In a suit by a discharged policeman to recover the salary attached to the office, where the evidence showed that the salary was not due until the end of each month, limitation did not begin to run against each month's salary until the end of the month.

**2.—Exception to Pleading—Amended Pleading—Assignment of Error—Abandoned Pleading.**

Where a demurrer is sustained to portions of an answer, to which ruling of the court the defendant duly excepted, and afterwards filed an amended answer omitting such portions of the original answer as were stricken out on demurrer, the defendant is not thereby precluded from assigning error upon the action of the court in sustaining the demurrer.

**3.—Provision of City Charter—Self-Executing.**

The provision of a city charter conferring upon its council the authority "to appoint watchmen and policemen and prescribe their duties and powers and compensation," is self-executing, and requires no resolution or ordinance to make it effective.

**4.—Appointment of Policeman—Irregularities as Defense by City.**

Irregularities in the appointment of a policeman can not be taken advantage of by the city in a suit by such policeman for his salary, especially after he had been recognized in every respect as such officer by the city council.

**5.—Policeman—Right to Dismiss—Stipulation for—Void.**

A stipulation by a city council, at the time of his appointment, for the right to dismiss a policeman at any time, with or without cause, is contrary to public policy, and void.

**6.—Policeman—Tenure of Office.**

In the absence of any other provision by law or ordinance, the appointment of a policeman by a city council will be held to be for the constitutional term of two years.

**7.—Unlawful Discharge—Tender of Services—Evidence.**

When a policeman, duly appointed by the city council, was discharged by the chief of police by an unlawful assumption of authority, it was not necessary that said policeman should in person notify the council of his discharge, announce that he was ready to proceed in the performance of his duties and demand payment of his salary, when the evidence showed that the council had notice of his discharge and ratified the acts of the chief of police.

**8.—Policeman—Appointment as Constable—Effect.**

A policeman who accepts an appointment as deputy constable, and duly qualifies as such, thereby abandons the office of policeman. The offices are inconsistent. That the appointment as constable was only for a few days was immaterial.

9.—Cross-Assignment—Judgment Rendered.

Undisputed evidence considered, and, on cross-assignment, judgment rendered for plaintiff for larger amount.

Appeal from the District Court of Lamar County.  Tried below before Hon. T. D. Montrose.

*Edgar Wright,* for appellant.—The charter of the city of Paris vests the power to employ and discharge policemen in the city council, and plaintiff's petition does not show that he was discharged by the city council, or that the city marshal, in discharging plaintiff, was authorized or directed or empowered to do so, either by the charter or by the city council, or that the city council ever ratified or adopted the action of the city marshal in discharging plaintiff.  19 Am. and Eng. Ency. of Law, 1st ed., 562a.

Plaintiff's cause of action accrued on the 1st day of August, 1903, and was barred by the statute of limitation of two years.  Art. 3354, Sayles' Civil Statutes; Brown v. Galveston Wharf Co., 92 Texas, 520; Fitzsimmons v. City of Brooklyn, 55 Am. Rep., 835; Cawthon v. Houston, 71 S. W. Rep., 329; McAllen v. Rhodes, 65 Texas, 352; State v. Owens, 63 Texas, 267; Honey v. Graham, 39 Texas, 11.

Plaintiff's petition does not show that after his discharge by the marshal that he ever advised the city council of the city of Paris of his discharge or ever proffered his services to said city council of the city of Paris after his discharge or asked for reinstatement, and he is not entitled to recover salary for period when no services were rendered. Smith's Municipal Corporations, sec. 181; Byrnes v. St. Paul, 78 Minn., 205, 79 Am. St. Rep., 384; Hagan v. Brooklyn, 126 N. Y., 643; Phillips v. City of Boston, 150 Mass., 491; Bernard v. City of Hoboken, 27 N. J. L., 413.

The answer of defendant presented a valid defense to plaintiff's cause of action in that it showed that plaintiff was not legally elected a policeman of the city of Paris.  Saunders v. Lawrence, 141 Mass., 380; Lawrence v. Ingersoll, 17 Am. St. Rep., 871; Jones v. Doherty, 56 S. W. Rep., 596.

In order to bind defendant by an act of an officer without authority from it, it is necessary that the city council of the defendant ratify, adopt or approve of same.  People v. Tracy, 54 N. Y. S., 1070; Bryan v. Page, 51 Texas, 535.

*Dudley & Dudley,* for appellee.—The plaintiff's petition alleged a good cause of action, and showed on its face that it was not barred by limitation.  City of Houston v. Estes, 9 Texas Ct. Rep., 486; Same v. Lubbock, Id., 1020; City of Houston v. Albers, 7 Texas Ct. Rep., 223; Cawthon v. City of Houston, 6 Texas Ct. Rep., 109; Proctor v. Blackburn, 4 Texas Ct. Rep., 576.

TALBOT, ASSOCIATE JUSTICE.—The appellee, Cabiness, sued appellant, the city of Paris, to recover the sum of $1,260, alleged to be a balance due him as salary for his services as policeman.  The allegations of the petition necessary to state, are: that, on the 27th day of

April, 1903, at a regular session of appellant's city council, appellee was elected or appointed to the office of policeman of said city; that appellee took the oath of office, qualified and entered upon the duties of his office, April 28, 1903. That prior to his election or appointment appellant's city council under the provisions of its charter, had fixed the salary of each policeman at sixty dollars per month, payable monthly. That appellee performed the duties of policeman under his appointment for appellant from the date of said appointment until the 1st day of August, 1903, when without any fault on his part or for any legal cause whatever, and without any charges having been preferred against him and without notice, hearing or trial, one G. M. Minton, then the city marshal of appellant, without authority of law, discharged and dismissed appellee from said office and thereafter persistently refused to allow him to perform any duties as police officer. That under the constitution and laws of this State, the tenure of appellee's office was two years; that since his attempted discharge he has continuously held himself ready to perform any of the duties of said office and any duty assigned him, as such officer, but that he has been persistently refused assignment to duty, his name stricken from the roll of policemen, and although due, appellant has failed and refused to pay his salary. It was further alleged, in effect, that no authority was vested in the city marshal of appellant by virtue of his office to discharge appellee from office, nor had any such authority been conferred upon him by the city council of appellant, but that such power resided alone in said city council and had not, by such council been exercised. . Defendant, by its original answer, which is copied in the transcript, among other things, alleged in substance that appellant had never by its city council, passed any ordinance or resolution making effective the powers granted it by certain sections of its charter in regard to the creation of a police department or the appointment of policemen, nor had the duties or term of office of such officers been prescribed, and that they were subject to removal at will and without notice. That by virtue of the provisions of its charter its city council duly passed and adopted rules of order for its government when in session, and that in the appointment of appellee to the office of policeman, the requirements of the rules which had been adopted, prescribing the method and procedure of making such appointment, had not been observed. That in consideration of his appointment as policeman the plaintiff contracted and agreed with the city marshal and the city council of appellant that either the city marshal or the said city council might discharge appellee without notice and with or without cause at any time either saw fit, and that appellee would give up said position and surrender all claims to the emoluments of same whenever notified by either said marshal or appellant's council that his services were not desired. Appellee demurred to the foregoing allegations in appellant's original answer and his demurrer was sustained, to which ruling of the court appellant duly excepted. The record shows that after this action of the court appellant, upon leave granted, filed a "second amended original answer" from which the above mentioned matters were omitted, and after a general denial the following special defenses were alleged:    (1) plea of limitation of two years; (2) that appellee was discharged for cause, viz.,  a failure to pay his debts;

(3) that he voluntarily, on the request of the marshal of the appellant, relinquished or resigned his office as policeman and received all the salary due him for the time he served; (4) that if appellee was ever legally a policeman of appellant, he was not after July 7, 1904, for the reason that on that date he was appointed to the office of deputy constable. of Lamar County, Texas, which office he then and there accepted, qualified and entered upon the discharge of its duties.

Appellant in its said second amended original answer demurred generally and specially to appellee's petition. Its special exceptions were to the following effect: (1) that appellee's petition showed on its face that if he ever had any cause of action against appellant, the same accrued on the 1st day of August, 1903, more than two years prior to the institution of this suit, which was October 31, 1905, and therefore barred by the statute of limitations; (2) that said petition showed that appellee was not discharged by appellant's city council or any agent or officer of appellant, authorized or empowered to discharge its officers or employes; (3) that said petition showed that if appellee was discharged he was discharged by one G. M. Minton, who is alleged to be appellant's city marshal, and it is neither alleged that the said Minton was authorized by appellant to discharge appellee, or that appellant knew of said discharge or ratified the act of said Minton in so discharging appellee, nor is it alleged that appellee ever advised appellant or its council of the act of said Minton in discharging appellee or that appellee after such discharge proffered his services to appellant or its city council as policeman. All these demurrers were overruled, except the special exception relating to the statute of limitations of two years. This exception was sustained as to the salary claimed for the months of August, September and October, 1903, but otherwise overruled and appellant reserved its bill of exceptions. To that portion of appellant's "second amended original answer," alleging that appellee was discharged for failure to pay his debts, and on request of the city marshal resigned his office of policeman, and had accepted an appointment as deputy constable of Lamar County, Texas, appellee demurred and his demurrer was sustained, except as to that portion of said answer setting up appellee's appointment and qualification as deputy constable, to which ruling both parties excepted. The case was tried before a jury and in obedience to a peremptory instruction given by the court at the close of the evidence, they returned a verdict in favor of appellee for the sum of $494, upon which judgment was rendered and appellant has appealed.

Appellant's first and second assignments of error complain of the court's action in refusing to sustain its general and special demurrers to appellee's petition. We think there was no error in this action of the court. The allegations of the petition may not be as full and satisfactory as they might have been with respect to appellant's knowledge of appellee's discharge and subsequent tender of his services, yet they were, in our opinion, sufficient. They are almost identical with those held to be sufficient by the Court of Civil Appeals for the First District, upon a very similar state of facts, in the case of City of Houston v. Estes, 9 Texas Ct. Rep., 486.

Insofar as the demurrer setting up the statute of limitation of two

years is concerned, it may be said that it did not appear by the allegations of the petition that appellee's cause of action was barred. This is not an action for damages, such as may be maintained for a breach of contract of employment by the employer, and limitation did not begin to run, as in such case, from the date of appellee's discharge. If wrongfully discharged, and the city responsible therefor, appellee's proper remedy was the one here pursued, a suit to recover the salary attached to the office, which the pleadings show became due at the expiration of each month, and he could wait until the end of his term of office, as he did do, and then sue for the whole amount due and, upon proper evidence, recover such as had not accrued more than two years prior to the filing of his suit.

By its third assignment appellant complains that the court erred in sustaining appellee's exceptions to its first amended answer and in striking out those portions of said answer wherein it was averred that appellant's city council had never passed any ordinance or resolution creating a police department or providing for the appointment of policemen or prescribing their duties and term of office, etc., and wherein it was alleged that appellee was not legally elected a policeman of appellant, because the methods and procedure adopted by its city council for such an election had not been observed, and also wherein it was alleged that appellee contracted with appellant that either its city marshal or its city council might discharge appellee without notice and with or without cause at any time either should see fit to do so, and that appellee, in such event, agreed to give up said office and surrender all claims to the salary thereof, when notified that his services were no longer desired.

Appellee objects to the consideration of this assignment. The contention is, in effect, that having filed a "second amended original answer" after the demurrer referred to in the assignment was sustained and not a trial amendment, and having omitted from said "second amended original answer" the defenses stricken from its original answer, said defenses were abandoned and the ruling of the court on said demurrer can not be assigned as error. In this contention we do not concur. It did not become necessary, in order to have the court's action on the demurrer revised on appeal, to replead the defenses which had been held to be obnoxious to said demurrer. Appellee having duly excepted to the court's ruling the matter is properly before this court for review. We are of the opinion, however, that neither of the alleged grounds of defense mentioned constituted any sufficient reason for denying to appellee a recovery. Section 27 of appellant's charter conferred upon its city council the power and authority "to appoint watchmen and policemen, and prescribe their duties and powers and compensation." This provision of the charter was self executing and required no resolution or ordinance of the city council to make it effective. Nor do we think mere irregularities in the proceedings by which appellee was appointed, if any, can be taken advantage of by the city and urged as distinct grounds upon which to defeat his otherwise right to recover the salary incident to said office. Besides, it does not appear that his discharge was based upon any such ground. He qualified and entered upon the discharge of his

duties; he was recognized under the appointment made and his salary paid by appellant for three months without objection, and without any question being raised concerning the legality of his appointment so far as disclosed by the record. Under these facts it seems clear that he became an officer *de jure,* and entitled to hold the office to which he had been appointed for two years, unless lawfully ousted. (Proctor v. Blackburn, 4 Texas Ct. Rep., 576; Cawthon v. City of Houston, 6 Texas Ct. Rep., 109; City of Houston v. Estes, 9 Texas Ct. Rep., 486; City of Houston v. Albers, 7 Texas Ct. Rep., 223; Mech. on Public Affairs, secs. 255-267; Cronin v. Stoddard, 97 N. Y., 271; Glavey v. United States, 182 U. S., 595; United States v. Bradley, 10 Pet., 343.)

The defense alleged that appellee contracted with appellant in consideration of his appointment that either its city marshal or its city council might discharge appellee without notice and with or without cause at any time either should see fit, and that appellee, in such event, agreed to give up said office and surrender all claims to the salary thereof, is, in our opinion, against public policy and void. Clearly the policy of this State is that all appointments to a public office shall be based alone upon the qualification and fitness of the appointee, and that the terms of all officers, except, perhaps, some special appointment to meet an emergency, shall be fixed by law and are not the subject of contract. Where not otherwise fixed, article 16, section 30 of the Constitution limits the term to two years, and this provision has been construed to fix the tenure of the constitutional term at two years, subject to the provision of removal for cause, during that time. Estes, Proctor, Cawthon and Albers cases, supra. The term of appellee's office does not appear to have been fixed by appellant's charter, by an ordinance, or by any statute of the State; therefore section 30 of the Constitution, above referred to, and the construction given it are applicable. The character of service was not a mere employment, but, as a result of his appointment, appellee acquired a franchise in the office, and upon his qualification became entitled to the office and its emoluments for the period of two years (subject only to removal in the manner and for cause as prescribed by appellant's charter), by law and not by force of, but in spite of, any parol agreement he may have entered into with reference thereto with appellant's city council. Now, the contract in question was an effort to place a limitation, as the consideration for appellee's appointment, upon this tenure of office by subjecting his dismissal to the caprice of appellant's city council or its city marshal. This limitation, if allowed, would be subversive of the laws mentioned and a recognition of the right on the part of appellant, through its governing body, to secure a public officer by contract upon terms and conditions inconsistent with and in violation of said laws. Such a contract is repugnant to the public policy of this State, and will not be enforced by its courts. The argument of counsel for appellant, to the effect that if such a contract as the one under consideration can not be enforced a city can not appoint a special policeman without incurring liability for his salary for a period of two years, and therefore such contract should be upheld in the interest of a proper and economical administration of municipal governments, while perhaps plausible, is not in our opinion, sound. The diffi-

culty and expense here apprehended could be easily avoided by prescribing a general ordinance, or fixing by the one by which special policemen are appointed, his term of office.

Appellant, by its fifth assignment complains that the court erred in refusing to instruct the jury, that if appellee did not bring the matter of his discharge to the attention of appellant's city council, in any way, or tender to said council, his services as policeman after his discharge by the marshal or demand payment of his salary, to find for appellant; and by its sixth, that the verdict of the jury is contrary to and against the undisputed evidence in that the undisputed evidence shows: (1) that plaintiff's cause of action was barred by the statute of limitation of two years; (2) that appellee voluntarily left the service of appellant at the request of an officer who was not authorized to discharge him, and that appellee did not tender his services to appellant, nor demand reinstatement or payment of his salary after his alleged discharge. We are of the opinion that neither of these assignments is well taken. The evidence shows without contradiction, the following facts: Appellee was duly appointed or elected policeman of appellant on the 27th day of April, 1903, by its city council and on the same day duly qualified as such. He served the city as such officer receiving his salary, until the 1st day of August, 1903, when he was discharged by the city marshal. No charges were ever preferred against him and no complaint made of his work. The marshal had no authority to discharge appellee and his discharge was without a hearing and without a trial. When discharged he protested and told the marshal he desired to and was ready to go on and discharge the duties of his office at any time. By appellant's charter, which was introduced in evidence, it is provided, that its city marshal shall be ex officio chief of police and by its records it was shown that appellee's name appeared on the pay roll of the city as a policeman of said city at a salary of sixty dollars per month and that on the 1st day of August, 1903, his name was dropped or stricken from said pay roll. Appellant paid appellee for his services as policeman the sum of sixty dollars per month for the months of May, June and July, 1903, but since the 1st day of August, 1903, the date of his discharge, it has paid him nothing. Under the undisputed facts we think it conclusively established that appellee was entitled to recover. As shown, appellee's claim was not barred by the statute of limitation. The specific facts bearing upon the other phase of the case presented in the assignments of error here under consideration are that appellee's name appeared on appellant's record and upon the pay roll of its policemen and after his discharge, was stricken from said record and pay roll. He was paid his salary as policeman regularly up to the time of his discharge by the city marshal, who was chief of police, but has not been paid anything since. He held himself ready to discharge the duties of his office, up to July 7, 1904, but none had been assigned him since his dismissal. These facts sufficiently show that appellant was advised or had notice that appellee had been discharged by its city marshal and that it adopted and ratified his acts in so doing. It was not absolutely essential that appellee should in person notify appellant of his discharge, announce that he was ready to proceed in the performance of his duties, or demand payment of his

salary. There was no error in refusing appellant's special charge, nor was the verdict contrary to or unsupported by the evidence.

Appellee presents the following cross-assignment of error: "Under the undisputed facts in the record, the plaintiff in this case was entitled to a verdict and judgment in the court below for the full amount of his unpaid salary, to wit: $1,260, and legal interest thereon, instead of $494, and the jury should have been so instructed by the court, because the appointment in evidence of plaintiff as deputy constable on July 7, 1904, was a nullity, without power to make such appointment, was temporary, and did not constitute plaintiff an officer inconsistent with the office of policeman, and plaintiff's acceptance of such did not work a forfeiture of his office of policeman and the salary and emoluments thereof, and even if said appointment worked a forfeiture of plaintiff's office and the right to the salary and emoluments thereof after July 7, 1904, under the undisputed evidence, in any view of the case, plaintiff was entitled to a verdict and judgment in the District Court for the sum of $674, and legal interest thereon, instead of $494, and the court below should have instructed a verdict for plaintiff at least for such amount."

The record shows that E. C. Hindman, constable of precinct No. 1 of Lamar County, Texas, in writing on July 7, 1904, duly appointed appellee his deputy "to do and perform any and all acts and things pertaining to the office of constable of precinct No. 1 of said county and state." Appellee accepted this appointment and qualified by taking the oath of office as required by law. This appointment, as shown by an endorsement on the written deputation to that effect, was canceled on July 19, 1904. We think this evidence sufficient to establish that appellee on the day of his qualification as deputy constable accepted an office inconsistent with the office of policeman, which he was then holding, and the same operated as an abandonment of the latter. It does not appear that the appointment was merely temporary to meet some then existing emergency, and the abandonment was complete upon acceptance and qualification. That the appointment was canceled within about twelve days does not, especially in the absence of other proof, alter the case. In this state of the evidence we think appellee's recovery should be confined to such an amount of his salary as accrued up to said 7th day of July, 1904. Under this view of the matter, however, the verdict and judgment of the court are too small. Appellee was paid his salary to August 1, 1903, and from that date up to July 7, 1904, are eleven months and six days. His suit was filed October 31, 1905. The trial judge was evidently of the opinion that the salary for the month of October, 1903, as well as for the months of August and September of that year, was barred by limitation and that appellee was entitled to recover only eight months and six days' salary. In this we think there is error. The salary for the month of October, 1903, was not due until the first day of November, 1903, and hence two years had not elapsed from the accrual of the October salary, up to the filing of the suit. This shows appellee was entitled to recover nine months and six days' salary, with interest on each installment of salary, from the date of its accrual, at the rate of six percent per annum, or in the aggregate at the date of the judgment, which was the 16th day of January, 1906, $614 instead of $494.

We conclude, therefore, that the judgment of the court below should be reformed and judgment here rendered for appellee for the sum of $614, with interest thereon at six percent per annum from January 16, 1906, and as reformed should be affirmed, and it is so ordered.

*Reformed and affirmed.*