## CITY OF DESDEMONA v. WILEY.
### (No. 1643.)

(Court of Civil Appeals of Texas. El Paso.
May 1, 1924.)

1. Limitation of actions ⚙═24(2)—Instrument, appointing one chief of police, held not "written contract" within four-year statute.

Instrument, signed by three aldermen at special meeting of council, appointing plaintiff chief of police, *held* at best only a commission, and evidence of authority, and not "written contract" to which four-year statute would apply.

[Ed. Note.—For other definitions, see Words and Phrases, Written Contract.]

2. Municipal corporations ⚙═90—Three councilmen no "quorum."

A special council meeting with only three of four members present, and no mayor, did not have "quorum," under either Rev. St. art. 1048, requiring presence of mayor and three aldermen, nor article 784, requiring two-thirds of full board; an ordinance making three members quorum being immaterial as contrary to statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Quorum.]

**3. Municipal corporations ⬥182—Appointee, at council meeting without quorum, de facto officer.**

The rights, if any, of one appointed as chief of police by written order at a special council meeting having less than quorum, are those of de facto officer.

**4. Limitation of actions ⬥28(1)—Right of recovery by one as de facto officer held barred by two-year statute.**

Assuming right of a de facto chief of police to recover for services rendered, *held*, that such right was barred by two-year statute.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Suit by J. W. Wiley against the City of Desdemona. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Smith & Birge, of Desdemona, for appellant.

J. M. Rieger, of Desdemona, for appellee.

HIGGINS, J. On June 27, 1923, appellee, Wiley, filed this suit against the city of Desdemona to recover the sum of $600 alleged to be due him as salary for his services as chief of police of Desdemona from October 4, 1920, to December 27, 1920. He recovered judgment as prayed for, and the city appeals.

In brief, it was alleged that appellant was a municipal corporation incorporated under the general laws, having a mayor, four aldermen, a secretary, and a treasurer; that on October 4, 1920, appellant by its city council elected and employed plaintiff as chief of police, an office theretofore created, and entered into a written contract to pay him $200 per month; that he qualified and served until December 27, 1920, when he was removed without cause.

The material undisputed facts are as follows: On October 4, 1920, H. W. Elliott was mayor, P. M. Kuykendall, R. V. Nabors, J. D. Steakley, and J. C. White were aldermen of the city. On that date Messrs. White, Nabors, and Steakley held a special meeting as aldermen. The meeting was not called in the manner required, nor was any notice thereof given to Kuykendall or the mayor, and the latter was out of town. At this meeting an order was entered removing the then chief of police, P. J. Stark, and appointing Wiley at a salary of $200 per month. Upon the same day White, Nabors, and Steakley signed and delivered to Wiley an instrument reading:

"Know all men by these presents that J. W. Wiley has this day been appointed chief of police for the city of Desdemona at a salary of $200 per month, and you are directed to obey him as such."

Thereupon, according to the trial court's findings—

"J. W. Wiley entered upon the duties of said office and performed said duties until December 27, 1920, the city council of the city of Desdemona discharged the said J. W. Wiley by resolution spread upon the minutes of record of the city secretary's office."

The undisputed evidence discloses that Mayor Elliott, Alderman Kuykendall, and the city secretary, and Attorney Smith, declined to recognize Wiley as chief of police, and that they recognized Stark, who has been paid the salary of chief of police covering the interval for which Wiley sues. It is also shown that on October 6, 1920, the mayor made this indorsement upon the margin of the minutes of the order removing Stark and appointing Wiley: "Disapproved, October 6, 1920. H. W. Elliott, Mayor."

There are a number of questions presented which need not be passed upon, as the appellant's plea of limitation is undoubtedly well taken.

[1] The trial court held that the written instrument signed by the then aldermen was a written contract and the four-year statute therefore applicable. This instrument at best was nothing more than a commission and evidence of Wiley's authority, and in no sense a contract. However, if the order of appointment was valid, the record thereof upon the minutes of the council was perhaps sufficient as a written contract (Railway Co. v. Gentry, 69 Tex. 630, 8 S. W. 98), and the four-year statute would apply.

Waiving all question as to the validity of the meeting of October 4 arising out of the failure to observe the formalities and notice required in the case of special meetings, we are of the opinion that a quorum was not present and the proceedings invalid.

[2] The petition alleges that Desdemona was a municipal corporation incorporated under the general laws. The record does not disclose under which of the general laws relating to the incorporation of municipalities the city was organized.

Upon the question of quorum appellant cites article 1048, R. S., which provides that the mayor and three aldermen shall constitute a quorum for the transaction of business, and appellee cites article 784, R. S., which vests the government of the city in the council composed of the mayor and aldermen, and which requires at special meetings two-thirds of the full board for the transaction of business. Under neither of these articles did the three aldermen present at the meeting constitute a quorum. Appellee also calls attention to an ordinance which provides that three members of the council shall constitute a quorum at any meeting, but this is contrary to the statute and invalid.

[3, 4] The order of appointment, as well as the instrument executed by the three alder-

men, being invalid, appellee's right, if any, was that of a de facto officer who has discharged the duties of the office and entitled to compensation as for services rendered. Any right of recovery upon such a theory is barred by the two-year statute of limitation. Texas Water & Gas Co. v. City of Cleburne, 1 Tex. Civ. App. 580, 21 S. W. 393; City of Paris v. Cabiness, 44 Tex. Civ. App. 587, 98 S. W. 925.

Nothing said herein is to be regarded as ruling that a valid order of appointment by a city council would constitute a written contract within the meaning of article 5688, R. S., nor a ruling upon the right of de facto officers to recover compensation. A decision upon these questions is not necessary, and the assumption made herein upon these questions in favor of appellee is merely for the purposes of this case.

Reversed and rendered.