## WILLIAM AND ANDY BONNER V. THE STATE.

### No. 1525.   Decided February 2, 1898.

1. **Statement of Facts—Entry of Order for Filing After Adjournment—Diligence as to.**

Where it appeared that defendant had prepared his statement of facts and handed it to the judge during the term, and upon the judge's informing him that he did not have time to see the county attorney and verify the same; and the defendant thereupon requested an order for ten days within which to file said statement, which request or order was never entered upon the docket or minutes; Held, due diligence required of defendant to see that said order was made by the judge and entered upon the minutes by the clerk; and no sufficient excuse being shown, the statement could not be considered.

2. **Transfer of Case—Jurisdiction—Motion in Arrest.**

Where the transfer of a case is improperly certified from the district to the county court, the proper practice is to move, in limine, to quash the indictment, or by plea to the jurisdiction. Where the defendant has pleaded to the indictment without such motion or plea, it is too late to interpose such objection by motion in arrest of judgment.

APPEAL from the County Court of Dallas.   Tried below before Hon. KENNETH FOREE, County Judge.

Appeal from a conviction for disturbance of a congregation assembled for the transaction of business connected with a Sunday school; penalty, a fine of $25 against each appellant.

The following affidavit was filed by appellant in regard to the statement of facts, viz:

"William and Andy Bonner v. The State of Texas.   In the Court of Criminal Appeals, January Term, 1898, at Dallas.   To the Honorable Court.   Now come the appellants and show to the court:

"1.   That on the 19th day of April, 1897, judgment was rendered against these appellants in the lower court.

"2.   That on the 21st day of April, 1897, the lower court overruled appellants' motion for a new trial and their motion in arrest of judgment; appellants excepting and giving notice of appeal to this court, which matters are shown by the record.

"3.   That immediately upon the overruling of their said motions, Harry P. Lawther, attorney for these appellants, prepared and presented to R. .M. Mays, assistant county attorney of Dallas County, who then represented the State in the lower court and in the trial of these appel-

lants, their statement of facts; that on the same day the same was presented, said R. M. Mays returned said statement to said Harry P. Lawther, stating that he would not agree to the same.

"4.   That on the 23d day of April, 1897, the said Harry P. Lawther presented and delivered said statement of facts to Hon. Kenneth Foree, county judge of Dallas County, and who presided on the trial of these appellants, with the information that said R. M. Mays, assistant county attorney, would not agree thereto, and requested said Foree to make out and file a correct statement of facts, as is by the law in such cases made and provided; that said Foree took said statement, remarking that he saw no reason why there could not be an agreement as to the facts proven on said trial, and that as soon as he had the time he would go over the same with Mays and see what the trouble was.

"5.   That said 23d day of April, 1897, was ten days before the end of the term of court at which said case was tried, said term ending May 3, 1897.   That during said ten days said Harry P. Lawther repeatedly went to said Kenneth Foree and to said R. M. Mays, requesting an agreement to or an approval of the statement presented and delivered by him as aforesaid, or the preparation and filing of one by the judge, as is by the law provided, but was invariably put off by the answer that said Foree and Mays had never had time to consult concerning the same. That said County Court was then engaged in the trial of its criminal docket, and said Mays and the court were busy every day during said ten days in the trial of cases.   That finally, the term drawing to a close, said Foree informed said Lawther that he had no time to prepare a statement of facts, in fact that he did not propose to do it, for the reason that he was satisfied that if he could get said Mays and Lawther together there would be no trouble in agreeing upon the facts, and that said Lawther must wait until the term ended, when said May would be at leisure, and some day they all could get together and come to an agreement concerning said statement.   That said Lawther then requested an order allowing him ten days after the end of the term within which to file said statement, and was told that same would be granted him.   That said Lawther was never able until the 10th day of May, 1897, to get said Foree and Mays together, when the original statement as prepared by him and delivered to said Foree on April 23, 1897, as aforesaid, was agreed to without a change except the insertion in the testimony of Mack Thomas, that 'the boys had been requested several times to stop, but refused and kept up the disturbance,' and was approved by said county judge and filed by the clerk.   That said Lawther supposed that the court had given him the order for ten days, and never knew to the contrary, until his attention was called to the fact, that no such order had been made by the Assistant Attorney-General on last Wednesday, January 19, 1898.

"Wherefore, the premises considered, and for these good reasons, and because the failure of these appellants to file their said statement of facts within the time prescribed by law for filing same was not due to

their fault or of their said attorney, but was the result of causes beyond his or their control, appellants pray the court to permit said statement of facts to remain as part of the record and to consider the same in the hearing and adjudication of this cause, the same is if said statement had been filed in time.

> "HARRY P. LAWTHER,
> "Attorney for Appellants.

"State of Texas, County of Dallas.—Before me, ——————————, on this day personally appeared Harry P. Lawther, who being by me duly sworn, upon his oath says that the matters as set forth in the foregoing motion are true.

> "HARRY P. LAWTHER.

"Subscribed and sworn to before me this 22nd day of January, A. D. 1898.

> "W. A. HUDSON, Clerk."

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellants were convicted of willfully disturbing a congregation assembled for the transaction of business in relation to, and in the interest of, a Sunday-school, and conducting themselves in a lawful manner, etc., and the punishment of each assessed at a fine of $25; hence this appeal.

A motion was made by the Assistant Attorney-General to strike out the statement of facts in this case because the same was not filed within the time authorized by law. To this motion, appellants respond that they used due diligence to procure said statement of facts during the term, "and that the court informed him that he did not have time to see the county attorney, and ascertain whether or not he would agree to the statement of facts during the term; that said Lawther [appellants' attorney] then requested an order allowing him ten days after the end of the term within which to file said statement, and was told that same would be granted him; that said Lawther was never able, until the 10th day of May, 1897, to get said Foree and Mays, county attorney, together, when the original statement of facts, as prepared by him and delivered to said Foree on April 23, 1897, was agreed to, with some little change; that said Lawther supposed that the court had given him the order for ten days, and never knew to the contrary until his attention was called to the fact that no such order had been made, by the motion of the Assistant Attorney-General." Was this due diligence? This involves the question of the duty of appellant with reference to seeing that the order allowing him ten days after the adjournment of court in which to prepare and file a statement of the facts was regularly entered on the minutes of the court by the clerk. If the affidavit of appellant or his counsel showed that the judge promised to superintend the making and entry of said order, then there might be some excuse for his failure

to look after the matter himself. We think due diligence required of him to see that the judge made the order allowing him ten days, and that it was properly entered by the clerk. No ten-days order having been granted and entered, and no sufficient legal excuse being shown for a failure to have such order made and entered, we can not consider the statement of facts, which was filed after the term adjourned.

The only question remaining is with reference to the motion in arrest of judgment, which is predicated on the idea that the indictment returned into the Criminal District Court of Dallas County was not properly transferred to the County Court of Dallas County. The exact point is made that the indictment is against "William Bonner, Andy Bonner, and Noah Duff, alias Noah Dove," whereas the certificate of the clerk to the order of transfer contains the names of defendants "Albert Bonner, Andy Bonner, and Noah Duff, alias Noah Dove"—the variance being between the names Albert and William Bonner; the real name of this defendant being William, and not Albert. If this motion had been made, in limine, to quash the indictment—or, more properly, it should have been made to the jurisdiction of the court—the State might have procured a proper certificate of transfer, covering the error, failing in which the court should have sustained the motion to the jurisdiction. See McDonald v. State, 7 Texas. Crim. App., 113; Brumley v. State, 11 Texas Crim. App., 114; Mitten v. State, 24 Texas Crim. App., 346. The motion in arrest of judgment came too late, the defendant having already pleaded to the indictment without objection. See Friedlander v. State, 7 Texas Crim. App., 204. The judgment is affirmed.

*Affirmed.*