## SAM SAMPSON v. THE STATE.

### No. 2873. Decided January 20, 1904.

**1.—Statement of Facts—Filing Too Late.**

When the record shows that the term of the court adjourned November 28, 1903, and the statement of facts was filed December 1, 1903, and no order granting the right to file same after adjournment, the facts can not be considered in connection with the court's refusal to grant a continuance and its charge on the law of self-defense.

**2.—Same—Judge's Docket.**

It will not avail appellant in a motion for rehearing to show by the affidavit of the trial judge that the latter had granted the former's motion to file statement of facts and bills of exception within twenty days after adjournment, but that said judge had omitted to enter the order on his docket, but had started to do so and was interrupted, as counsel for appellant must see that such order is entered.

Appeal from the District Court of Jefferson. Tried below before Hon. W. H. Pope.

Appeal from a conviction of murder in the second degree; penalty, imprisonment for fifteen years in the penitentiary.

No statement necessary.

*Houth & Adams,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of fifteen years. An examination of the transcript shows that the term of the court adjourned on November 28, 1903; and the statement of facts was filed December 1, 1903. There is no order in the record granting defendant right to file statement of facts after the adjournment of the term; consequently the facts can not be considered. In motion for new trial appellant insists that the court erred in refusing his application for continuance, and in the charge applying the law of self-defense to the facts. These matters can not be reviewed in the absence of the facts. No error appearing in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

BROOKS, JUDGE.—The judgment was affirmed at a former day of this term, and is now before us on rehearing. In the original opinion we held we could not consider the statement of facts in the absence of an order authorizing the same to be filed after the adjournment of the term of court. Attached to appellant's motion for rehearing is the affidavit of Hon. W. H. Pope, the judge presiding at the trial of this case, showing the following facts in reference to said order: That on the 31st day of October, 1903, motion for new trial was duly presented in the case of the State of

Texas v. Sam Sampson. The same, after argument, was overruled; and defendant gave notice of appeal to the Court of Criminal Appeals of the State of Texas. That defendant's counsel asked that an order be entered granting defendant twenty days after adjournment in which to file statement of facts and bill of exceptions; and the court granted the order, and told counsel he would enter it; that the judge was then on the bench, with the motion docket before him; and while counsel was present began the making of the entry on the docket of said order; that he made a partial entry of such request on the docket, but on account of some interference, as he verily believes, he omitted to enter the order that defendant be allowed twenty days in which to make out and file statement of facts and bill of exceptions; that the fault to so make said entry was purely the judge's fault, and the failure to enter the same upon the docket was the act of omission of the court. By the acts of the Twenty-eighth Legislature (sec. 1 p. 32), it is provided, "That parties to causes tried in the district and county courts of this State may, by having the order to that effect entered on the docket, be granted twenty days after the adjournment of the term of which said cause may be tried, to present and have approved and filed the statement of facts and bill of exceptions." We hold that, under this statute, it is the imperative duty of counsel for appellant to see that said order is entered by the judge on the docket; and inadvertence or neglect on the part of the judge will not excuse appellant's counsel for the failure to have this order so entered. Under the old article in reference to filing statement of facts after adjournment of the term, we held it was the duty of counsel for appellant to see that the ten-day order was properly entered of record. Smith v. State, 53 S. W. Rep., 632; Brown v. State, 44 S. W. Rep., 172; Denton v. State, 42 Texas Crim. Rep., 428. And where there was a failure to so enter said order we would not consider the statement of facts. We see no occasion, under the article now under consideration, of changing the rule; but still hold it is the duty of appellant's counsel to see the order is so entered. Without the facts, which we are not authorized to consider, we see no reason for changing the original opinion. The motion for rehearing is accordingly overruled.

*Motion overruled.*