MAE KING V. STATE.

No. 26,222. February 4, 1953.
Rehearing Denied March 11, 1953.

348

*J. M. Parker,* Gorman, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of beer in a dry area; the punishment, six months in jail and a fine of $500.00.

No statement of facts on the trial on the merits or bills of exception appeared in the record.

Appellant's amended motion for new trial sought for the first time to raise a question as to the validity of the order of transfer from the county court to the district court.

In Abbott v. State, 42 Tex. Cr. R. 8, 57 S. W. 97, we said:

"Appellant's first complaint in his motion for new trial is that the court had no jurisdiction to try the case, because of a failure to make a proper and legal transfer of the indictment from the district to the county court. This objection cannot be urged for the first time in motion for new trial, but should be made by plea to the jurisdiction. This exact question was decided by us in Bonner v. State, 38 Tex. Cr. R. 599, 44 S. W. 172. We there held that where the defendant has pleaded to the indictment, without motion to quash or plea to the jurisdiction, it is too late to interpose such objection by motion in arrest of judgment, and clearly it would be too late on motion for new trial."

This, we think, disposes of appellant's attack upon the order of transfer from the county court to the district court. This is

a question that should have been raised before announcement and cannot be raised for the first time on motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

By Act of the 52nd Legislature, p. 671, Ch. 388, (now Art. 1970-141 (a) V.S.C.S.) it was provided in Sec. 1 that the county court of Eastland "shall have - - - no criminal jurisdiction except jurisdiction to receive and enter pleas of guilty in misdemeanor cases - - -." In Sec. 2 it was provided that the district court in said county should have and exercise jurisdiction "in all matters of criminal nature, except as to such jurisdiction that the county court has to receive and enter pleas of guilty in misdemeanor cases as provided in Section 1 hereof, - - - over which, by the general laws of the State of Texas now existing and hereinafter enacted the county court of said county would have had jurisdiction - - -."

It was further provided that all pending civil and criminal cases be transferred to the district court.

The emergency clause of said act recited that "it will expedite the disposition of civil and criminal cases filed in the county court of Eastland County by transferring the same to the District Court of said County, where the same can be tried and disposed of very rapidly and without additional cost, - - -."

Art. V, Sec. 22 of the Constitution of Texas provides that the legislature shall have power by local or general law to increase, diminish or change the civil and criminal jurisdiction of county courts and to conform the jurisdiction of other courts to such change if made.

We overrule the contention that the legislature was not authorized under the Constitution to enact Art. 1970-141 (a) V.A.C.S.

The complaint and information against appellant was first filed in the county court of Eastland County long after the foregoing act of the legislature became effective.

Appellant was notified by the county attorney of a setting of said cause and her attorney advised him that she would not plead guilty.

Thereafter the complaint and information was filed with the district clerk and the case was set for trial in the district court. Appellant pleaded not guilty and upon a jury trial was convicted and, in this cause, appeals from such conviction in the district court.

Under the provisions of Art. 1970-141 (a) V.A.C.S., supra, the district court of Eastland County alone had jurisdiction to try appellant for the misdemeanor offense charged upon her plea of not guilty.

Under the facts, the authorities cited in our original opinion are applicable. The question raised relates to the failure of the county judge to make a proper and legal transfer of the case from the county court to the district court.

In the absence of a plea to the jurisdiction of the district court, timely filed and presented, the question as to the transfer of the case was waived.

Appellant's motion for rehearing is overruled.