**Marla TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 27503.**

Court of Criminal Appeals of Texas.

March 23, 1955.

On Motion for Rehearing May 4, 1955.

854

Joe Burkett, San Antonio, for appellant.

Austin F. Anderson, Crim. Dist. Atty., Anthony Nicholas, Jr., Asst. Crim. Dist. Atty., Jack H. Kaufman, Asst. Crim. Dist. Atty., San Antonio, Leon Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is possession of marijuana; the punishment, 3 years.

It was established that the appellant lived alone in a small two-room house located in the middle of a lot which fronted on Leal Street, the front house bearing the number 1216. There was a third small house on the lot adjacent to the alley.

City Detective Talamantez of the San Antonio police and Agent Kinder of the Narcotic Section of the Texas Department of Public Safety testified that they proceeded to the house described above on the night in question armed with a search warrant and there found the appellant, that they searched her house and found 53 marijuana cigarettes and some bulk marijuana among some dirty clothes in a hamper.

It was established by an expert that the cigarettes and the bulk substance were marijuana.

The appellant did not testify in her own behalf but produced a witness who testified that she had never before been convicted of a felony.

■ We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by appellant's attorney in brief and argument.

■ For the first time on appeal, the appellant seeks to challenge the jurisdiction of the trial court. She relies upon the order of transfer which names the court directed to try the case as the "Special Criminal Judicial District Court of Texas"; whereas, the court which actually tried the case was the "Special Criminal District Court of Bexar County, Texas." The court which tried the case was a district court and had the authority to try the felony named in the indictment. If any defect existed in the order of transfer, it was incumbent upon the accused to raise such question prior to the verdict, and, having failed to do so, the defect is waived. Friedlander v. State, 7 Tex.App. 204, and

Bonner v. State, 38 Tex.Cr.R. 599, 44 S.W. 172.

■ The appellant filed a motion to quash the jury panel and a motion for continuance based upon the absence of women on the panel. Bexar County, where this case was tried, operates under the jury wheel. The jury which tried this case was drawn from a wheel which had been filled in August, 1954.

The constitutional amendment, Section 19, Article XVI, Vernon's Ann.St., was submitted to the people on November 2, 1954.

This case was called for trial on November 15, 1954.

Article 8.38, Vernon's Texas Election Code, provides for a canvass of the returns of an election on the 17th day after the election is held, which in this case was November 19, 1954. It is apparent therefore that at the time of the trial the returns of the election had not been canvassed.

A constitutional amendment becomes a part of the Constitution upon the date that the official canvass of the returns shows that it has been adopted. The effective date does not relate back to the date of the election at which it was adopted, nor is the effective date postponed until the date of the Governor's proclamation declaring its adoption. Wilson v. State, 15 Tex.App. 150, and Texas Water & Gas Co. v. City of Cleburne, 1 Tex.Civ.App. 580, 21 S.W. 393.

It therefore follows that the motion to quash is without merit. As to the motion for continuance, we have been cited no authority, and we know of none, which holds that an accused is entitled to a continuance in order to take advantage of a future change in the law.

Under the above holdings the question of discrimination because of the absence of qualified women jurors' names in the jury wheel is not before us, women being ineligible for jury service prior to the ef-

fective date of the constitutional amendment.

■ By bill of exception No. 1 appellant attacks the affidavit and the search warrant in two particulars. First, she seeks to show that the officers' informant was not a "credible person." We recently had a similar contention before us in Hernandez v. State, 158 Tex.Cr.R. 296, 255 S.W.2d 219, 221. In the Hernandez case, the affidavit for the search warrant recited that the name and description of the occupants were unknown. Upon the trial it developed that one of the affiants knew the name of the occupant, and the accused contended that the warrant issued upon such an affidavit was invalid. In that case we said:

"The State calls attention to the well-established rule that a trial court may not go behind the affidavit and search warrant to determine the falsity of the facts stated therein in order to invalidate a search warrant valid upon its face.

"This rule was given effect by this Court in the case of Ware v. State, 110 Tex.Cr.R. 90, 7 S.W.2d 551, and Bird v. State, 110 Tex.Cr.R. 99, 7 S.W.2d 953. A reference to Sheppard's Citations will show how consistently these cases have been followed, not only by this Court but by the civil courts. See Coleman County Country Club, Inc., v. State, Tex.Civ. App., 236 S.W.2d 558, writ refused."

Secondly, she contends that the description contained in the warrant was insufficient to authorize a search of the appellant's residence. We quote from the affidavit and the warrant: "A frame house located at 1216 Leal St. and any and all other buildings, edifices and enclosures on and at said premises."

In addition to the description hereinbefore set forth, we find that neither of the other two houses on the lot bore numbers and that all three of them belonged to the occupant of the front house.

We have concluded that the description in the warrant was amply sufficient. See Comeaux v. State, 118 Tex.Cr.R. 223, 42 S.W.2d 255.

■ Appellant next complains of the failure of the trial court to give the following charge:

"You are instructed that if you find or believe from the evidence that the substance or material introduced in evidence herein is made up or composed of the mature stalks of the plant Cannabis, or if you have a reasonable doubt as to whether same is composed or made up of such mature stalks of said plant, you will acquit the defendant and say by your verdict 'not guilty.'"

Appellant claims this charge is based upon the exception contained in Section 1, Subsection (13), of Article 725b, Vernon's Ann.P.C., which reads, in part, as follows:

"* * * but shall not include the nonresinous oil obtained from such seed, *nor the mature stalks of such plant,* nor any product or manufacture of such stalks * * *."

The same subsection provides that the term Cannabis shall include all parts of the plant Cannabis Sativa L., whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture or preparation of such plant, its seeds or resin.

A portion of expert witness Beardsley's testimony is quoted in support of her contention that the marijuana about which he was testifying was a mature plant. Nowhere in his testimony do we find any statement that the marijuana consisted solely of the "mature stalks." He did testify about examining the "leaves, the stems, seeds and all the particles of the plant." The seed and other parts of the plant under the provisions of the statute above quoted are included in the term Cannabis, which under Subsection (14),

section 1 of said Article 725b is a narcotic drug.

In order to bring herself within the exception, the evidence would have to show that *only* "mature stalks" or a "product or manufacture" thereof were possessed.

 We find no merit in appellant's complaint that the indictment is defective because it fails to negative the exceptions contained in the Narcotic Drug Act. See Baker v. State, 132 Tex.Cr.R. 527, 106 S.W. 2d 308; Blumberg v. State, 144 Tex.Cr.R. 200, 161 S.W.2d 1082, and Griffin v. State, Tex.Cr.App., 261 S.W.2d 838.

Appellant's final complaint relates to argument wherein the prosecutor said:

"I'll tell you another good reason why this defendant's sentence should not be suspended, because she possessed all this narcotic out near Irving Junior School."

Appellant cites no authority in support of her contention that reversible error is reflected by the bill. The evidence supports that portion of the argument which told the jury that appellant's residence was near the Irving Junior School. Recently, in Sparks v. State, Tex.Cr.App., 261 S.W. 2d 571, we reversed a conviction for possessing marijuana where the prosecutor told the jury, " 'he didn't want the bugs to get it, but wanted to sell it to the school children of Gregg County.' " There, we found a direct charge that the accused intended to sell the narcotic to school children without any evidence to support it. But is that what we have here? We think not. All will agree, we think, that areas around schools should be kept free from illegal operations, not solely because they might affect the children but also because such operations attract unsavory characters, who themselves should be kept away from children. We have concluded that the argument set forth in the bill does not reflect reversible error.

The judgment is affirmed.

On Motion for Rehearing

BELCHER, Commissioner.

We have carefully re-examined the record in the light of appellant's motion for a rehearing, but we remain convinced that we properly disposed of this cause on original submission.

Opinion approved by the court.