## CLARENCE ALVIN CHILDRESS v. STATE

No. 27,567. May 4, 1955

*Archie L. Welch* and *Ney Wade,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *M. K. Bercaw* and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal from a conviction for driving a motor vehicle upon a public highway while intoxicated wherein the jury, composed of five men and one woman, returned a verdict assessing the minimum punishment of three days in jail and a fine of $50.

There is no statement of facts, and the sole question presented on the appeal is predicated upon the woman juror being permitted to serve in the case.

Trial was had in County Criminal Court No. 2 of Dallas County on November 23, 1954.

It was shown at the hearing of appellant's motion for new trial that W. Powers, or Waunetta Powers, a married woman, was summoned as a juror for the week and was one of a jury panel selected according to the statute. She came to County Criminal Court No. 2 as one of a panel of twelve from the central jury room, was accepted as a juror, and her qualifications, other than the question of her sex, are not questioned.

It is appellant's contention that on the date of the trial and prior thereto the amendment to Art. XVI, Sec. 19, of the Constitution of Texas, passed by the voters of this state at the election held November 2, 1954, had not become effective. He further contends that enabling legislation would be required before a female could serve as a juror in this state because of the provisions of Art. 578 V.A.C.C.P., Art. 2191 V.C.S., and other statutes.

In the recent case of Torres v. State, No. 27,503, (page 480, this volume), 278 S.W. 2d 853, we held that the amendment of Art. XVI, Sec. 19, of the Constitution of Texas, providing that neither the right nor the duty to serve on grand or petit juries shall be denied or abridged by reason of sex, became effective on November 19, 1954, when the returns of the election were canvassed. Upon its becoming effective, the new amendment authorized women to serve as jurors and the provisions of the statutes limiting juries to males became invalid as contrary to the Constitution.

The case before us having been tried after such effective date of the amendment of the Constitution, Mrs. Powers was not disqualified to serve as a juror at the trial.

The judgment is affirmed.