FRANK CHARLES AMES V. STATE

No. 27,726. October 26, 1955

152

Frank Sparks, Eastland, for appellant.

J. M. Nuessle, County Attorney, Eastland, and Leon Douglas, State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was tried and convicted in the 91st Judicial District Court of Eastland County under a plea of not guilty of a misdemeanor offense of driving while intoxicated and assessed punishment at a fine of fifty dollars and three days in jail.

Under the provisions of Article 1970-141a, Vernon's Ann. R.C.S., Acts of 52nd Legislature, page 671, chapter 388, jurisdiction in misdemeanor cases, where a plea of not guilty is entered, was conferred upon the district court of Eastland County. King v. State, 158 Texas Cr. R. 347, 255 S.W. 2d 879.

The record shows that appellant was tried and convicted by a jury of six in number and at the trial requested that he be tried by a jury of twelve members.

The sole question presented is whether appellant could be legally tried and convicted in the district court by a jury composed of six members.

Article 5, Section 13 of our Constitution provides that petit juries in the district court shall be composed of twelve in number. A jury of the same number is prescribed in Article 578, Vernon's Ann. C.C.P.

In Rochelle v. State, 89 Texas Cr. R. 592, 232 S.W. 838, this court said:

"The expressions in the Constitution with reference to the

number of men of which a jury shall be composed make no specific mention of the grade of offense, but the number is controlled by the court in which the jury is organized; if in a county court, the number is 6; if in a district court, 12 will be required by the Constitution. When, under authority of the Constitution, the jurisdiction conferred thereby upon the county court is transferred to the district court, the character of the court is not changed. It remains a district court with enlarged jurisdiction, and trials are had, when a jury is demanded, before one composed of 12 men, as is required by the Constitution in all district courts."

Appellant was entitled to be tried in the district court by a jury of twelve members, and his trial before six jurors renders the conviction invalid.

The judgment is reversed and the cause remanded.

Opinion approved by the court.