

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 18, 1958

Honorable Mahlon L. Walters,       Opinion WW-450.
County Attorney,
Marion County,                      Re: Jurisdiction of the County
Jefferson, Texas                         Court of Marion County.

Dear Mr. Walters:

We have received your letter of May 22, in which you request our opinion as to the jurisdiction of the County Court of Marion County. The statutes you have cited in your request concern legislative alteration of only the general civil and the criminal jurisdiction of the County Court of Marion County. Therefore, we shall limit this opinion to these two areas.

Section 16 of Article V, Constitution of Texas, establishes the general jurisdiction of county courts in Texas. However, of equal stature is Section 22 of Article V, Constitution of Texas, which reads as follows:

> "The Legislature shall have power, by local or general law, to increase, diminish or change the <u>civil and criminal jurisdiction</u> of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change." (Emphasis added)

It has long been the holding of our courts that the Legislature, under authority of Section 22, may alter, change or diminish the civil or criminal jurisdiction of county courts.

> ". . . The Legislature has the power to increase, diminish, or change the appellate, as well as the original, jurisdiction of county courts in civil and criminal matters. . . ." <u>Kubish et al. v. State</u>, 84 S.W. 2d 480.

". . . The plea would have been a good one but for the fact that the act of May 27, A.D. 1879 (Gen. Laws, 16th Leg., p. 68), changed the jurisdiction of the County Court of Nacogdoches, and those of other counties therein. . . Authority to pass this law is derived from sec. 22 of Art. V of the Constitution, . . ." John Mora v. State, 9 Tex. App. 406.

"This case being a misdemeanor over which, under the Constitution the county and justices' court have concurrent jurisdiction, exclusive of the district courts, the conviction cannot be sustained unless jurisdiction had been conferred upon the district court of Atascosa county under Article 5, section 22, of the Constitution." Chapman v. State, 16 Tex. App. 76 (1884).

Also, see King v. State, 255 S.W. 2d 879, wherein an Act of the 52nd Legislature removing the jurisdiction of the county court of Eastland County, except to the receipt and entering of pleas of guilty in misdemeanor cases, was upheld.

We must look to the Acts of the Legislature to determine if the jurisdiction of the County Court of Marion County was increased, changed or diminished, pursuant to such constitutional provision.

House Bill 513, Acts 25th Legislature, Regular Session, 1897, Chapter 26, page 38, reads in part as follows:

"Section 1. Be it enacted by the Legislature of the State of Texas: That the County Court of Marion County, Texas, shall have and exercise the general jurisdiction of probate courts, shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the partition, settlement and distribution of estates of deceased persons, and to apprentice minors as prescribed by law, and to issue all writs necessary to the enforcement of its jurisdiction, and to punish contempts under such provisions as are or may be provided by general law governing County Courts throughout the State; but said County Court shall have no other jurisdiction, civil or criminal." (Emphasis added)

Such statute also conforms the jurisdiction of the District Court of said county to such change. By such Act, the County Court retained jurisdiction over matters probate, to issue certain writs, to punish contempts, and over certain other specified matters, but the general civil and all criminal jurisdiction was divested from the County Court and reposed in the District Court of Marion County, Texas.

Subsequent thereto, by Article 1970-322, Vernon's Annotated Civil Statutes (Acts 1939, 46th Legislature, page 194), the Legislature increased the County Court's jurisdiction as follows:

"Section 1. In addition to the jurisdiction heretofore conferred by law upon the County Court of Marion County, Texas, and the County Judge of Marion County, Texas, the said County Court shall have the jurisdiction within Marion County of all criminal matters and causes of misdemeanors over which the District Court of Marion County, Texas, now has jurisdiction, and the jurisdiction of said Courts over such matters shall be concurrent, provided that the jurisdiction of the District Court of Marion County, Texas, shall be and remain as now fixed by law and in nowise affected by this Act; and provided further, that the jurisdiction hereby conferred upon the County Court of Marion County, Texas, shall extend to and only to those cases in which pleas of guilty are entered by the defendant in any cases of misdemeanor filed in said Court."

By such Act, the County Court's Criminal jurisdiction was extended to only those cases in which pleas of guilty are entered by the defendant in any cases of misdemeanor in said court, and such jurisdiction was concurrent with that of the District Court of Marion County, Texas.

Subsequent thereto, by Article 1970-322a (Acts 1947, 50th Legislature, page 214), the Legislature increased the county court's jurisdiction as follows:

"Section 1. In addition to the jurisdiction heretofore conferred by law upon the County Court of Marion County, Texas, and the County Judge of Marion County, Texas, the said County Court shall have exclusive jurisdiction within Marion County, Texas, for all of the criminal matters of the grade of misdemeanor over which the District Court of Marion County, Texas, now has jurisdiction. . . ."

By such Act, the County Court's criminal jurisdiction was extended to all criminal matters of the grade of misdemeanor and such jurisdiction was exclusive.

The criminal jurisdiction of the County Court of Marion County, Texas has been restored; but there is no Act of the Legislature restoring the general civil jurisdiction of such court.

Therefore, in our opinion, the County Court of Marion County has jurisdiction in matters probate, to issue certain writs necessary to the enforcement of its jurisdiction and to punish contempts in the same manner as other county courts of the State; it also has exclusive jurisdiction within Marion County for all criminal matters of the grade of misdemeanor. However, since the general civil jurisdiction of the County Court of Marion County was removed by the Legislature in 1897 and reposed in the District Court of Marion County, until such time as the Legislature may restore such jurisdictions, the County Court has no general civil jurisdiction.

## SUMMARY

The County Court of Marion County has had its criminal jurisdiction restored, but there is no Act of the Legislature restoring the general civil jurisdiction of this Court which had previously been removed.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling

Tom I. McFarling
Assistant

TIM:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Morgan Nesbitt
J. Milton Richardson
J. Arthur Sandlin
Linward Shivers
REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert