

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 26, 1970

Colonel Wilson E. Speir, Director
Texas Department of Public Safety
5805 North Lamar
Austin, Texas   78751

Opinion No. M- 564

Re:  Whether misdemeanor
     driver's license cases
     arising under Article
     6687b, V.C.S., and aris-
     ing within the geographical
     limits of Wichita Falls,
     Texas, must be tried in
     the Municipal Courts of
     Wichita Falls, Texas.

Dear Colonel Speir:

Your request for an opinion correctly notes that Senate Bill 392[1] which creates Municipal Courts of Record for Wichita Falls purports to bestow exclusive jurisdiction on such courts over all misdemeanor cases arising in Wichita Falls under Article 6687b, Vernon's Civil Statutes.  You ask if all such cases  must be brought into these newly created courts.[2]

---

[1] Acts 61st Leg., R.S. 1969, ch. 762, p. 2255.

[2] The 61st Legislature also enacted House Bill 1053, (Article 1194A, V.C.S.) as follows:

> "The name 'corporation court' is changed to
> the 'municipal court'.  All other statutory
> references to the corporation court shall be
> construed to mean the Municipal Court."

Nevertheless, because of differences in organization, jurisdiction and power, the Municipal Courts of Record created by Senate Bill 392 are wholly separate from the former corporation courts.  To preserve the distinction for present purposes, however, this opinion will continue to designate the former corporation courts as such.

Section 2(a) of Senate Bill 392 defines the jurisdiction of such courts as follows:

"Municipal courts in Wichita Falls shall have concurrent jurisdiction in all criminal cases arising under the charter and ordinances of the city and shall also have concurrent jurisdiction in all criminal cases arising under the laws of the State of Texas and arising within the territorial limits of the city, in which punishment is by fine only, and where the maximum of such fine may not exceed $200. The Municipal Court shall have exclusive original jurisdiction in all misdemeanor cases arising under the traffic laws of the State of Texas as defined in Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended, and Chapter 421, Acts of the 50th Legislature, Regular Session, 1947, as amended where the offense was committed within the corporate limits of the city." (Emphasis added.)

To answer your question, one must bear in mind two factors. First, courts that are created by the Legislature are known as statutory courts. Corporation courts are statutory courts. District Courts, County Courts and Justice of the Peace Courts are known as constitutional courts since they are created by the Constitution. Second, there are different grade misdemeanors described in Article 6687b, commonly known as the "Driver's License Law." Generally, violations are misdemeanors punishable by fine only not to excede $200.00. (Cf. §44a). Such offenses would normally be cognizable concurrently by justice or corporation courts. Cf. Art. V, Sec. 19, Constitution of Texas; Art. 1195, V.C.S.; Art. 4.14, V.C.C.P. However, certain violations are misdemeanors with possible fines of from $25.00 to $500.00 and jail terms. (C.f. §§13,34). These latter offenses would normally fall within county court jurisdiction. Cf. Art. V, Sec. 16, Constitution of Texas.

Your question, in effect, thus asks if the Legislature can lawfully create statutory Municipal Courts of exclusive jurisdiction over these offenses. This question has a long and erratic judicial history which must be considered in this connection.

Since 1891, the judicial powers of this state have been de-
lineated in Article V, §1 of the Constitution of Texas as follows:

"1.   Judicial power; courts in which vested

"Section 1.   The judicial power of this State
shall be vested in one Supreme Court, in Courts
of Civil Appeals, in a Court of Criminal Appeals,
in District Courts, in County Courts, in Commission-
ers Courts, in Courts of Justices of the Peace, and
in such other courts as may be provided by law.

".   .   .

"The legislature may establish such other courts
as it may deem necessary and prescribe the juris-
diction and organization thereof, and may conform
the jurisdiction of the district and other inferior
courts thereof." (Emphasis added.) [3]

First attempts to interpret the 1891 amendment resulted in a
schism between the appellate civil courts and the new Court of
Criminal Appeals.  The Supreme Court in Harris County vs. Stewart,
91 Tex. 133, 41 S.W. 650 (1897) summarized the thinking of the
civil courts that the effect of the amendment was to place the
subject of judicial jurisdiction at the complete disposal of the
Legislature.  The Court of Criminal Appeals, however, motivated
partly by fear of legislative abuse, concluded that the Legis-
lature was nevertheless powerless to create statutory courts with
jurisdiction concurrent with the constitutional state courts.

---

[3] Section 3 of the Senate Bill 392 provides:

"Sec. 3.   The jurisdiction of all courts
exercising criminal jurisdiction is conformed
to the terms and provisions of this Act."

Leach vs. State, 36 Tex.Crim. 248, 36 S.W. 471 (1896); Ex Parte Fagg, 38 Tex.Crim. 573; 44 S.W. 294 (1898); Ex Parte Coombs, 38 Tex.Crim. 648, 44 S.W. 854 (1898). Eventually, the Court of Criminal Appeals recanted and agreed that a statutory court could properly be granted jurisdiction concurrently with the regular state courts. Ex Parte Wilbarger, 41 Tex.Crim. 514, 55 S.W. 968 (1900).

The two courts were not yet in accord, however, as to whether statutory courts could be given exclusive jurisdiction over matters specified in the Constitution as being within the jurisdiction of Constitutional Courts. Harris County vs. Stewart, supra, indicated that statutory courts might be given exclusive jurisdiction. The Wilbarger case, however, hinted that such would be impermissible.

This final question was laid to rest in 1933 when the Supreme Court endorsed the position of the Court of Criminal Appeals. In Reasoner vs. Reasoner, 122 Tex. 512 58 S.W.2d 817 (1933) the court held:

> "No provision of the Constitution anywhere intimates such a withdrawal or negation of jurisdiction. The simple fact that the people amended the Constitution so as to authorize the Legislature to create other courts than those theretofore provided by the Constitution, and to conform the jurisdiction of the district courts to them when created, does not authorize the Legislature to deprive district courts of that jurisdiction expressly given them by the Constitution." 58 S.W.2d at page 818 (Emphasis supplied.)

This conclusion was re-affirmed in 1962 in Lord vs. Clayton, 163 Tex. 62, 352 S.W.2d 718 (1962). The rationale of these cases was that the phrase "and may conform the jurisdiction of the district courts ... etc" may not be construed to mean "deprive the jurisdiction, etc." So construed, Article V would, therefore, violate the fundamental separation of powers expressed in Article II of the Constitution. Thus, statutory courts may be given concurrent jurisdiction over matters normally within the jurisdiction of constitutional courts. Statutory courts may not be given exclusive jurisdiction over such matters.

No cases, however, indicate that legislatively bestowed jurisdiction cannot be withdrawn from one statutory court in favor of another. The Legislature can dissolve such courts as it creates, Pierson vs. State, 177 S.W.2d 975 (Tex.Crim., 1944), and doubtless can distribute such jurisdiction as it can properly bestow in any manner it sees fit. Thus, there is no constitutional prohibition against statutory courts with jurisdiction exclusive of other statutory courts.

Applying the foregoing analysis, we conclude that S.B. 392 is valid as applied to statutory courts but invalid as applied to such constitutional courts as justice courts. Thus, the Act is sufficient to bestow exclusive jurisdiction on the new Municipal Courts of record in derogation of the jurisdiction of the Corporation Courts of Wichita Falls. Under the Reasoner and Clayton cases, however, S.B. 392 is invalid and insufficient to deprive the appropriate justice courts of their concurrent jurisdiction.

Although the Wichita County Court is a constitutional court, it does not fall within the purview of the Reasoner and Clayton cases since constitutional authority exists for legislative divestiture of county court jurisdiction. Article V, Section 22 Constitution of Texas provides, in part:

"22. Changing jurisdiction of county courts

"Section 22. The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; . . ."

This provision has long been considered as authorizing deprivation of the constitutional jurisdiction of a County Court. Ginnochio vs. State, 30 Tex.Crim. 584, 18 S.W. 82 (Tex.Ct.App., 1891); King vs. State, 158 Tex.Crim. 347, 255 S.W.2d 879 (1953).

The net effect of Senate Bill 392 is that corporation courts in Wichita Falls and the county court of Wichita County have been deprived of original jurisdiction over misdemeanor driver's license law cases whereas justice courts have not. Consequently, the

answer to your question is that misdemeanor cases arising under Article 6687b and within the geographical limits of Wichita Falls, Texas, must be tried in the newly created Municipal Courts of Wichita Falls where the possible punishment involved is a fine of more than $200.00 or a jail term. If the punishment is by fine only, not to excede $200.00, the case must be brought in either the Municipal Court of Wichita Falls or the Justice Court. Thus, no misdemeanor driver's license law cases may be brought into corporation courts or the County Court of Wichita County.

Section 45 of Senate Bill 392 plainly reveals that the Legislature intended primarily to create a court which would effectively relieve the county court and the corporation courts of their heavy case load:

> "Section 45. The fact that the criminal dockets of the corporation courts and county courts are crowded with cases arising in the cities which existing courts do not have the necessary time to handle properly, creates an emergency and an imperative public necessity . . ." (Emphasis added.)

No specific mention of justice court jurisdiction is made in Senate Bill 392. Whatever the legislative intent, justice courts cannot be deprived of their constitutional jurisdiction by the Legislature.

### SUMMARY

Misdemeanor driver's license cases arising under Article 6687b, V.C.S., and arising within the geographical limits of Wichita Falls, Texas, must be tried in either the new Municipal Courts or the Justice Court for Wichita Falls where punishment is by fine only, not to exceed $200.00. All other misdemeanors so arising must be tried exclusively in the Municipal Courts.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Colonel Wilson E. Speir, page 7, (M- 564 )


Prepared by Earl S. Hines
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman

Howard Fender
Glenn Brown
Ivan Williams
David Longoria

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant