Honorable Joseph Murphy Executive Director Employees Retirement System of Texas Box 12337, Capitol Station Austin, Texas 78711
Re: The date on which legislators elected in 1966 were eligible to take office.
Dear Mr. Anschutz:
In order to determine the retirement benefits due certain public servants you have requested our opinion regarding the date on which a legislator elected at the general election in November, 1966, first became eligible to take the oath of office.
Prior to 1966, article 3, section 4 of the Texas Constitution provided that the term of office of members of the House of Representatives `shall be two years from the day of their election.' In Spears v. Davis, 398 S.W.2d 921 (Tex. 1966), the Supreme Court similarly construed article 3, section 3, relating to the terms of senators. The Court observed that `the usual senatorial term' extends `four years from the day of the general election.' 398 S.W.2d at 926. The Court noted, however, `a clear distinction between `term of office' and an individual's incumbency in office,' and referred approvingly to Attorney General Opinion WW-1476 (1962), which held that a member of the Legislature may not `qualify for office by taking the oath' until the canvassing of the returns of the election. 398 S.W.2d at 928.
In 1966, article 8.41 of the Election Code directed that, `[i]n all general elections for State Senator or State Representative,' the returns be counted by the Secretary of State `[o]n the Monday before the second Tuesday in January following the election.' The statute required the Secretary of State to `immediately issue a certificate of election to the person receiving the higher number of votes.' It would appear, therefore, that a legislator elected at the general election held on November 8, 1966, was not on that date eligible to take the oath of office, since the Election Code then provided that his election could not be certified prior to January 9, 1967.
At the general election held on November 8, 1966, Texas voters also approved amendments to sections 3 and 4 of article 3 of the Texas Constitution, so that, since 1966, both senators and representatives
 take office following their election, on the day set by law for the convening of the Regular Session of the Legislature. . . .
This amendment became effective `upon the date that the official canvass of the returns shows . . . it . . . adopted.' Torres v. State, 278 S.W.2d 853, 855 (Tex.Crim.App. 1955); see Tex. Const. art. 17, § 1. See also Attorney General Opinions O-6821 (1945); O-6278 (1944); O-2841 (1940). The official canvass was required by statute to take place on November 25, 1966, the `seventeenth day after the election.' Election Code arts. 8.37, 8.38. On that date, the constitutional amendment preempted article 8.41 of the Election Code, and legislators elected in November, 1966, became eligible to take the oath of office `on the day set by law for the convening of the Regular Session of the Legislature,' January 10, 1967. Tex. Const. art. 3, §§ 3, 4; V.T.C.S. art. 5422. Accordingly, it is our opinion that a legislator elected at the general election in November, 1966, first became eligible to take the oath of office on January 10, 1967.
 SUMMARY
A legislator elected at the general election in November, 1966, first became eligible to take the oath of office on January 10, 1967.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee